IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER M. KOPINETZ, | : | CIVIL NO. 4:04-CV-2169 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Mannion) |
| | : | |
| JOANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

**January 18, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On August 28, 2002, the plaintiff, Christopher M. Kopinetz ("Plaintiff" or "Kopinetz"), filed protective applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") alleging disability since July 25, 2001 due to pain in his back and upper and lower extremities. After Plaintiff's claim was denied initially, an administrative hearing was held before an Administrative Law Judge ("ALJ") on August 6, 2003. The ALJ heard testimony from Plaintiff and V. Gerald Alberigi, a vocational expert. In a decision dated May 27, 2004, the ALJ denied Plaintiff's applications. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on July 28, 2004, making

1

the decision of the ALJ the "final decision" of the Commissioner.  42 U.S.C. § 405(g).

Plaintiff filed the instant action in the United States District Court for the Middle District of Pennsylvania on September 28, 2004 for judicial review of the Commissioner's final decision.  The case was referred to United States Magistrate Judge Malachy E. Mannion for preliminary review.

On December 28, 2005 the Magistrate Judge issued a report recommending that Plaintiff's appeal from the decision of the Commissioner be denied.  Objections to the Magistrate Judge's report were due by January 17, 2006 and to date none have been filed.

**STANDARD OF REVIEW:**

When no objections are filed to the report of a Magistrate Judge, we need only review that report as we in our discretion deem appropriate.  See Thomas v. Arn, 474 U.S. 145, 151-52(1985).  In an appeal of the denial of Social Security Benefits, our review of the Magistrate Judge's report and the issues contained therein is governed not only by that principle but also by 42 U.S.C. §405(g).  In such cases our review is less than plenary.  A decision of the Commissioner which is supported by substantial evidence must be affirmed.  See Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993).

Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter s. Harris, 642 F.2d 700, 706 (3d Cir. 1981), and "must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971). Therefore, a reviewing court must scrutinize the record as a whole. See Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981); see also Dobrowolosky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Commission, 383 U.S. 607, 620 (1966).

**DISCUSSION:**

Our review of this case confirms the Magistrate Judge's determinations and, while we have not been presented with any reason to revisit them, we will briefly address some of the salient aspects of this Social Security appeal.

The Commissioner has promulgated regulations creating a five-step process to determine if a claimant is disabled. This process requires the Commissioner to consider, in sequence: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairments meet or equal a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and (5) whether the claimant's impairment prevents the claimant from doing any other work. See 20 C.F.R. § 404.1520; see also 20 C.F.R. § 416.920 (2004).

As Magistrate Judge Mannion noted, using the sequential disability determination procedure as outlined above, the ALJ found that: (1) Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability; (2) Plaintiff's herniated disc, tendinitis of the right shoulder, and neck pain were "severe" impairments under 20 C.F.R. §§ 404.1520(c) and 416.920(b); (3) those impairments did not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4; (4) Plaintiff retained the residual functional capacity ("RFC") to perform a significant amount of light work; and (5) applying Medical-Vocational Rule 202.2, there were a significant number of jobs in the national economy Plaintiff could have performed. (Rep. & Rec. at 3-4). The instant action was ultimately decided at the fifth stage of the process where the ALJ concluded

that considering Plaintiff's age, educational background, work experience, and RFC, he was capable of making a successful adjustment to work that exists in significant numbers in the national economy. Id. at 3. At issue is accordingly whether there exists substantial evidence to support the ALJ's decision.

As the Magistrate Judge explains, Plaintiff makes the following two arguments: (1) that the ALJ erred by incorrectly assigning the weight of a treating physician to Dr. Ira Sachs' ("Dr. Sachs") opinion and (2) that the ALJ erred by failing to give adequate weight to Plaintiff's subjective complaints of pain.

First, although Plaintiff argues that the ALJ incorrectly assumed that Dr. Sachs was a treating physician, thereby mistakenly placing too much weight on his opinion that Plaintiff could perform light work, we find this argument to be meritless. We agree with the Magistrate Judge that the ALJ did not refer to Dr. Sachs as Plaintiff's treating physician but instead stated that Dr. Sachs provided an "[i]ndependent medical evaluation." Id. at 12; Tr. at 16. Moreover, the ALJ never granted Dr. Sachs' opinion controlling weight, which would signal a belief that he was a treating physician. See 20 C.F.R. § 404.1527(d)(2) (stating that the well-supported opinion of a treating source will be given controlling weight). Conversely, the ALJ relied upon Dr. Sachs', Dr. Allen's, and Dr. Einsig's opinions concerning Plaintiff's ability to perform light work. We also do not find that the

5

ALJ wrongly ignored the opinion of Dr. Dawson, Plaintiff's treating physician. The record does not contain any opinion from Dr. Dawson concerning Plaintiff's functional limitations or his ability to perform work-related activities during the relevant time period and, although Dr. Dawson was aware that Plaintiff was pursuing disability claims, he provided no opinion regarding Plaintiff's work capabilities in the record.  (Rep. & Rec. at 13).

 Second, although Plaintiff argues that the ALJ failed to give adequate weight and consideration to his testimony regarding his functional limitations, the ALJ determined that Plaintiff's claimed limitations were not entirely credible, which is supported by substantial evidence.  As the Magistrate Judge notes, "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility."  Walters v. Commissioner of Social Sec., 127 F.3d 525, 531 (6th Cir. 1997); see also Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir. 1991) ("We defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility."). Although an ALJ must give serious consideration to a claimant's subjective complaints of pain, even where those complaints are not fully confirmed by objective medical evidence, Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir.

1985), subjective complaints, without more, do not in themselves constitute a disability.  Green v. Schweiker, 749 F.2d 1066, 1070-71 (3d Cir. 1984).  In this case, we find that the ALJ did not completely discount Plaintiff's claims of pain, but took them into account in his RFC assessment and corresponding hypothetical question to the vocational expert ("VE").  We are in agreement with the Magistrate Judge that there is substantial evidence to support the ALJ's conclusion that Plaintiff's complaints were inconsistent with the medical evidence.

In conclusion, our review of this case confirms the Magistrate Judge's determinations and we have not been presented with any reason to revisit them.  Because we find no error in Magistrate Judge Mannion's Report and Recommendation and, because no objections have been filed, we will adopt the Magistrate Judge's findings as our own.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Report and Recommendation (doc. 8) filed on December 28, 2005, is adopted in its entirety.

2. Plaintiff's appeal of the decision of the Commissioner is DENIED.

2. The Clerk of Court shall close the file on this case.


        s/ John E. Jones III
        John E. Jones III
        United States District Judge